UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN DANIELS,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:18-cv-00588-JAD-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Brian Daniels' Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Daniels is a prisoner in the custody of the Nevada Department of Corrections at the Ely State Prison. He proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has submitted a proposed complaint and requested authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a prisoner to begin an action without prepaying the filing fee if the prisoner submits an IFP application on the court's form along with the required supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). Prisoners must pay an initial partial filing fee of the greater of 20 percent (20%) of

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

1

the average monthly deposits or 20 percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *Id*. A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, is "cause for dismissal of the case." LSR 1-3(c). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. 28 U.S.C. § 1915(b)(2).

The court is required to conduct a preliminary screening in any case in which a prisoner is granted IFP status. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) (screening is required before allowing an IFP complaint to move forward, issuing summonses, or requiring an answer); *see also* LSR 1-3(e) (stating that IFP applicants in civil rights actions "must pay the full partial filing fee before the court will order service of process"). Mr. Daniels is therefore advised that even if this action is dismissed, he must still pay the $350 base filing fee pursuant to § 1915(b) and the monthly payments will continue from his inmate account until the balance is paid. *See Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016).

Here, Daniels has requested authority to proceed IFP; however, his IFP Application is incomplete. The Local Rules and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized prison official,[2] (2) a copy of the prisoner's trust account statement for the six-month period prior to filing,[3] and

---

[2] LSR 1-2 provides:
> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added). *See also* LSR 1-2.

(3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them.[4] Additionally, LSR 1-1 states that a prisoner's IFP "application must be made on the form provided by the court." *Id*. The District of Nevada has adopted two types of IFP applications, one for prisoners and one for non-incarcerated persons.

The prisoner IFP application required in this federal district court differs from the application used in Nevada state courts. For example, the financial affidavit and acknowledgement used by this court includes more information than the state court's affidavit and affirmation. Thus, prisoners must submit the correct form for this court's review.

Here, Mr. Daniels submitted the form used by the Nevada state courts. His application therefore lacks the appropriate financial information and documentation required by § 1915(a) and the Local Rules. Although Daniels may qualify to proceed IFP, the court cannot determine the amount of the initial partial filing fee because he has not submitted the correct IFP application, inmate account statements, financial certificate signed by an authorized prison official, or financial affidavit and acknowledgement. Therefore, the court will deny Daniels's IFP Application without prejudice.

Additionally, Mr. Daniels failed to submit his complaint on the court's approved form. LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*." *Id*. (emphasis added). Daniels submitted a proposed complaint on what appears to be lined notebook paper. If he wants to move forward with his claims, he must submit the correct IFP application along with an amended complaint on the court's approved form. Thus, the Clerk of the Court will be directed to mail Daniels a blank civil rights complaint and prisoner IFP application along with the instructions for completing the forms.

---

[4] 28 U.S.C. § 1915(a)(1) states:
> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

*See also* LSR 1-1.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Brian Daniels' Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED without prejudice**.
2. The Clerk of the Court shall MAIL Mr. Daniels one blank form complaint for § 1983 civil rights actions and IFP application for incarcerated litigants along with the instructions for completing the forms and one copy of the proposed Complaint (ECF No. 1-1).
3. Mr. Daniels must file a completed IFP application on or before **June 7, 2018**, and must include: (i) a financial certificate signed by an authorized prison official and Daniels, (ii) a financial affidavit and acknowledgement signed by Daniels, and (iii) a statement of his inmate trust account for the six-month period prior to filing.
4. Alternatively, Mr. Daniels shall pay the $400 filing fee on or before **June 7, 2018**.
5. Daniels's Complaint (ECF No. 1-1), is **DISMISSED** with leave to file an amended complaint by **June 7, 2018**.
6. Mr. Daniels shall clearly title the amended complaint as such by writing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and 2:18-cv-00588-JAD-PAL as the "Case No."
7. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

///
///
///
///
///
///

8. Daniels's failure to comply with this Order by: (a) submitting a completed IFP application with the required documents or paying the filing fee, or (b) filing an amended complaint on the correct form, before the **June 7, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 7th day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE